THEODORE F. STRATTON, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendant in Error.

*Attempt at subornation of perjury — 3 R. S. (6th ed.), 956, § 8 — the examination of one offered as bail for a criminal is included within.*

Section 8 of 3 Revised Statutes (6th ed.), 956 provides, that "every person who shall, by the offer of any valuable consideration, attempt unlawfully and corruptly to procure any other to commit willful and corrupt perjury, as a witness, in any cause, matter or proceeding, in or concerning which such other person might, by law, be examined as a witness, shall, upon conviction, be punished by imprisonment in a State prison not exceeding five years."

*Held,* that the examination on oath of a person, offered or offering himself as bail for another person indicted or convicted for crime, as to his qualification as such bail, was an examination taken in a "cause, matter or proceeding" within the meaning of the said section.

*Held,* further, that the person so examined as to his qualifications was a "witness," within the meaning of the said section.

Writ of Error to the Court of General Sessions of the city and county of New York, to review the conviction and sentence of the plaintiff in error for an attempt to procure one Waitzfelder to commit perjury.

*B. E. Valentine,* for the plaintiff in error.

*Horace Russell* and *B. K. Phelps,* for the defendant in error.

Davis, P. J. :

The prisoner was indicted and convicted under section 8 of part 4, title 4, chapter 1, article 1 of Revised Statutes (3 R. S., 6th ed.), 956, which is in these words : " Every person who shall, by the offer of any valuable consideration, attempt unlawfully and corruptly to procure any other to commit willful and corrupt perjury as a witness, in any cause, matter or proceeding, in or concerning which such other person might, by law, be examined as a witness, shall, upon conviction, be punished by imprisonment in a state prison not exceeding five years." Two questions were made upon this section.

*First.* Whether the examination on oath of a prisoner who offers himself or is offered as bail for another person indicted or convicted for crime, as to his qualifications as such bail, is taken " *in any case, matter or proceeding,*" within the meaning of the section ?

*Second.* Whether the person so examined as to his own qualifications is a witness within the meaning of the section ?

As to the first of these questions, we have no doubt that the words " cause, matter or proceeding " are broad enough to include the examination and justification of persons offering themselves as bail in criminal or other cases.

The examination in such case is both a matter, and a proceeding, well known and often used in courts of law, in which oaths may be lawfully administered, and on which perjury may be committed.

More general language could scarcely be adopted to cover all classes of inquiries which may arise in the course of judicial proceedings, and it was the manifest intention we think, of the Legislature to embrace within these words every such matter or proceeding. The sections of the Revised Statutes which precede that above quoted, indicate an intention on the part of the Legislature to punish perjury and subornation of perjury in every case, matter, proceeding or inquiry, in which an oath might be lawfully and properly administered to a witness. And the section above quoted was intended to reach all cases of attempts to induce another to commit the crime of perjury, in any case whatsoever, in which its commission would be a crime. We are, therefore, quite clear that the plaintiff in error was charged by the indictment with an attempt to procure the commission of perjury by another, in a case or proceeding upon which perjury could be lawfully assigned.

In respect to the second question, the word " witness," as used by the statute, was intended to embrace all persons who could be. properly examined on oath upon any inquiry or investigation. Every person offered as bail may be lawfully sworn and examined to prove that he possesses the requisite qualifications, or to show that he does not possess them. The power of the court or judge in that behalf is unquestionable ; and, as to the question to which the examination is directed, the party so offered, or offering him-

self, has always been regarded as a competent, and generally as a necessary witness. He tenders himself as a surety on behalf of a person charged' with crime, or on behalf of a party to a civil action or proceeding, and upon the question of his sufficiency as a surety he may be, and in any case must be sworn and examined as a witness on behalf of the accused in a criminal case, or on behalf of the party proposing him in any civil action. It would be a perversion of terms to regard him as a principal party who could not be examined because of that relation, under the former strict rules of the common law. He occupies no such position ; and his testimony is entitled to be taken, and must be considered by the court or judge, and it would be error to exclude, or to refuse to permit him to take the oath on the ground of any relation of his own to the inquiry or proceeding.

We think that there can be no doubt but that both of the questions raised in the court below were properly determined by that court.

The evidence in the case tended to show conspiracy between the prisoner and other persons to induce one Waitzfelder to become bail for and on behalf of one Birch, who was under indictment for the crime of perjury. For procuring bail, the sum of $150 was to be paid, of which Waitzfelder was to have $100, and the other fifty dollars was to be divided equally between the plaintiff in error and two other persons, and it was sought to be arranged by Stratton, the plaintiff in error, that he and Waitzfelder should divide between them the $100, to be received by the former, and Stratton's share of the fifty dollars. A previous attempt to procure Waitzfelder to become bail for a money consideration, it seems, had been made by Stratton, and Waitzfelder on that occasion had exposed the attempt to the district-attorney. The district-attorney, in a laudable attempt to break up the business familiarly known as " straw bail," by which many criminals had been wrested from the hand of justice, arranged with Waitzfelder to advise him of any further attempts that might be made by the plaintiff in error to induce him to become such bail. It does not appear that the plaintiff in error, in posting Waitzfelder as to what was necessary for him to do in order to be received as bail, stated in express terms, that he should *swear* to a state of facts, which would have

constituted perjury ; he told him to " *tell* them " so and so, having reference to the investigation by the district-attorney as to his qualifications.

The point was made and strenuously urged that this was not sufficient evidence to justify the court in sending the question to the jury whether the attempt was to induce him to commit perjury. We think, however, that this evidence, together with the other evidence in respect to the previous relations of the parties, was a fair and proper matter for the consideration of the jury in determining what was intended by the plaintiff in error. It was submitted in a fair and impartial charge by the learned judge to the jury. He instructed them that they must be convinced that there was an attempt to induce Waitzfelder to commit willful and corrupt perjury by swearing falsely on his examination under oath as bail. We are unable to see that any wrong was done to the plaintiff in error by such submission.

A careful reading of the error book has convinced us of the propriety and justice of the conviction, and we see no ground calling upon an appellate court to interfere with the judgment pronounced upon the plaintiff in error.

The judgment should therefore be affirmed.

BRADY and BARRETT, JJ., concurred.

Judgment affirmed.